IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS AYALA a/k/a
MANUEL VALDEZ MEDINA,

    Defendant.

Case No. 3:16-cr-3

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT'S "MOTION UNDER 18 U.S.C. § 3582(c)(2) PURSUANT TO AMENDMENT 802 TO 2L1.2(b)(1)(A)(ii)" (DOC. #40)

---

Defendant Carlos Ayala pled guilty to a violation of 8 U.S.C. §§ 1326(a)(1), (a)(2) and (b)(2), "Previously removed alien found in the United States—removal subsequent to conviction for commission of an aggravated felony." On July 25, 2016, he was sentenced to 66 months in prison, followed by 3 years of supervised release.

This matter is currently before the Court on Defendant's Motion to Modify his Sentence under 18 U.S.C. § 3582(c)(2). Doc. #40. He urges the Court to apply Amendment 802 (which modified U.S.S.G. § 2L1.2 (b)(1)(A)(ii), effective November 1, 2016) to reduce his offense level and lower his advisory sentencing guideline range. He asks the Court to impose a new sentence within that lower guideline range.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).

As the Government notes, the "applicable policy statement" in this case is U.S.S.G. §1B1.10, "Reduction in Term of Imprisonment as a Result of Amended Guideline Range." The policy statement provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—(A) None of the amendments listed in subsection (d) is applicable to the defendant." U.S.S.G. §1B1.10(a)(2)(A). In turn, the amendments included in subsection (d) are as follows: "126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1))." U.S.S.G. 1B1.10(d).

Given that Amendment 802 is not included in the list of "Covered Amendments," this Court lacks authority to reduce Mr. Ayala's term of imprisonment under § 3582(c)(2). The Sixth Circuit has held that unless the Sentencing Commission designates an Amendment for retroactive application, the

2

district court lacks authority to reduce a defendant's sentence. *United States v. Horn*, 612 F.3d 524, 527 (6th Cir. 2010).

Accordingly, Defendant's motion, Doc. #40, is OVERRULED.


Date: September 5, 2017                    _____
                                           WALTER H. RICE
                                           UNITED STATES DISTRICT JUDGE